
FILED ENTERED
LOGGED RECEIVED

APR 2 6 2019

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**

\*

vs.     Case No. PJM-06-0392

\*

**ANJAN GHOSH TAGORE**

## ORDER OF DETENTION (18 U.S.C. § 3143)

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending a hearing.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention.

☒ (2) The defendant is charged under: _a violation of supervised release._

☒ (3) The maximum term of imprisonment, if convicted, is: _for the violation of supervised release a term of imprisonment pursuant to 18 U.S.C. §3583(e)(3)._

☒ (4) Based on the government's proffer and evidence there is probable cause to believe that the defendant committed the offense(s) charged.

☒ The government is entitled to a presumption under 18 U.S.C. §3143 and Fed. R. Crim. P. 32.1 on the violation of supervised release.

☒ The defendant has failed to rebut this presumption as to danger to the community.

☐ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

The defendant is alleged to be in violation of his conditions of supervised release. The defendant is alleged to have viewed prohibited images on his monitored computer and then being caught at a public library viewing prohibited materials and in possession of an external device. Both §3143 and Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provide that the defendant has the burden to establish by clear and convincing evidence that the person will not flee and is not a danger to the community. The Court finds that the defendant is a risk of danger to the community given his criminal history and the pending VOSR. Residing with his parents (where the monitored computer was located) is no longer suitable. The defendant has demonstrated an apparent unwillingness/inability to abide by community supervision rules. The defendant has failed in his burden under Rule 32.1

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

April 26, 2019
Date

_/s/ Timothy J. Sullivan_
Timothy J. Sullivan
United States Magistrate Judge